## A90A1630. HARRIS v. THE STATE.
### (399 SE2d 221)

BANKE, Presiding Judge.

On appeal from his conviction of possessing cocaine in violation of the Georgia Controlled Substances Act, the appellant contends that the state's evidence failed as a matter of law to rebut his defense of entrapment.

The appellant was arrested after purchasing a quantity of crack cocaine from an undercover agent who was selling it on a street corner. There was evidence that drugs had often been sold at this location in the past, and the appellant admitted at trial that he had in fact gone there on the night in question for the specific purpose of buying cocaine. The police officer who made the sale wore a body transmitter, and his conversation with the appellant was recorded. The officer spoke first, saying, "Hey man, what's up?" The appellant replied, "fifty," which, he acknowledged, he meant as a request for a fifty-dollar piece of crack cocaine. The officer responded that he did not have any "fifties" but that he did have some "twenties," meaning twenty-dollar rocks. The appellant agreed to purchase two "twenties" and was arrested immediately after the money changed hands. The officer testified that he had handed the appellant a bag of cocaine prior to the arrest from which to make his selection. The appellant denied ever having had possession of the cocaine but conceded that if he had not been arrested, he would have completed the purchase. *Held*:

The evidence clearly was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant had a criminal predisposition to purchase and possess cocaine. See generally *Hampton v. United States*, 425 U. S. 484 (96 SC 1646, 48 LE2d 113) (1976). The appellant's reliance on *Harpe v. State*, 134 Ga. App. 493 (214 SE2d 738) (1975), as authority for a contrary holding is misplaced, as it does not appear that similar evidence of criminal predisposition was present in that case. Rather, the defendant there testified without dispute that he had made the drug sale in question at the request of an undercover agent who, after identifying himself as such, had asked for his assistance in catching two asserted "dope

pushers" and had furnished him the contraband with which to make the sale. The defendant's testimony regarding the transaction in that case was consistent with that of the two undercover agents to whom he had sold the drugs, and there were no circumstances suggestive of any prior involvement in drug dealing on his part. In the case before us, on the other hand, the appellant's predisposition to commit the crime was well established.

"It does not constitute entrapment where a defendant approaches a police officer with an offer to commit a crime, if that officer then plays a role in order to provide the defendant with an opportunity to commit the intended offense." *Orkin v. State*, 236 Ga. 176, 195 (223 SE2d 61) (1976). Construing the evidence in favor of the verdict, we hold that a rational trier of fact could reasonably have rejected the appellant's entrapment defense and found him guilty beyond a reasonable doubt of criminal possession of cocaine. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 22, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 — 

*B. Samuel Engram, Jr.*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.